FIRST STATE INSURANCE
COMPANY, Petitioner,
Appellee,

v.

BANCO DE SEGUROS DEL ESTADO,
Respondent, Appellant.

No. 00–2454.

United States Court of Appeals,
First Circuit.

Heard May 9, 2001.
Decided June 27, 2001.

David A. Cobin, with whom William C. Athanas, Donoghue, Barrett & Singal, P.C., Jorge Moreira, Angelo Tartarro and Law Offices of Jorge Moreira, were on brief, for appellant.

Rhonda L. Rittenberg, with whom Mitchell S. King, Thomas M. Elcock, Prince, Lobel, Glovsky & Tye, LLP, Susan E. Grondine, Horizon Management Groupe, LLC, Stuart Cotton, Mound, Cotton & Wollan, were on brief, for appellee.

Before TORRUELLA, Circuit Judge, LEVIN H. CAMPBELL, Senior Circuit Judge, and SCHWARZER,* Senior District Judge.

TORRUELLA, Circuit Judge.

This is an appeal from a judgment of the United States District Court for Massachusetts confirming two arbitration awards in favor of appellee First State Insurance Company (First State) against appellant

---

* Of the Northern District of California, sitting by designation.

Banco de Seguros del Estado (Banco). *See First State Ins. Co. v. Banco de Seguros del Estado,* Civ. No. 98–11004–GAO (D.Mass.2000). For the reasons stated hereinafter we affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

The arbitration proceeding central to this case stems from a dispute regarding the obligations of thirty-one reinsurers, including Banco, pursuant to a series of treaties reinsuring First State's casualty business entered into from 1980 through 1984 (the "Treaties").[1] Article XIX(1) of the Treaties, in relevant part, provides that:

> If any dispute shall arise between the parties to this contract, either before or after its termination, with reference to the interpretation of this contract or the rights of either party with respect to any transactions under this contract, the dispute shall be referred to three arbitrators as a condition precedent to any right of action arising under this contract....

On November 6, 1987, First State invoked this arbitration provision. Hearings were held in September and November 1996 before a panel of three arbitrators. On February 24, 1998, the panel issued two awards, the first directed to all reinsurers, and the second applicable only to Banco. The second award required Banco to: (1) pay First State $736,775 as the sum due and payable on the Treaties as of December 31, 1996; (2) pay interest on this figure at a rate of 12%; (3) post a letter of credit in the amount of $189,256.02; and (4) comply with its future obligations under the Treaties.

On May 27, 1998, upon Banco's refusal to comply with the awards, First Bank brought an action for enforcement in the district court pursuant to § 203 of the Convention on Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 203.[2] Of the reinsurers, only Banco opposed confirmation of the arbitration awards.

Banco moved to vacate the arbitration award alleging that the award was not enforceable pursuant to Article V, § 1(b) of the Convention because Banco "was not given proper notice of the appointment of the arbitrator or of the arbitration proceedings...." Banco claimed that it had neither actual nor proper notice of the arbitration proceedings, and that therefore the awards were not enforceable against Banco. Upon the submissions of Banco and First State, the district court ruled that it was "undisputable" that Banco had received "actual and timely notice" of the arbitration proceeding against it, and that "[t]here [was] very little doubt that [this] notice was 'proper,' as this term has been interpreted under the [Convention]." *First State,* Civ. No. 98–11004–GAO, at 3–4. The District Court also rejected, as without merit, "Banco['s] (belatedly) raise[d] ... argument that ... [it] had been unable to prepare a defense." Banco appeals both rulings.

Banco point-blank denies receiving notice of the arbitration proceeding. The following undisputed facts in the record are of relevance to this contention:

---

**1.** The Treaties are also known as the "Casualty Contributing Excess Contract."

**2.** 9 U.S.C. § 203 reads:
An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States ... shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

(1) On November 6, 1987, First State sent a notice demanding arbitration to Banco by registered mail. Although no mailing receipt was presented in evidence, First State's communication to Banco was not returned to First State.

(2) Pursuant to the Intermediary Clause of the Treaties, which provides that "all communications ... relating [to the Treaties] shall be transmitted to the reinsured or reinsurer" through the intermediary, G.L. Hodson & Sons (Hodson), Hodson received a copy of the November 6, 1987 notice of arbitration letter sent to Banco.

(3) Groupe Kleber (the underwriting pool through which Banco reinsured First State and the subscriber on Banco's behalf to the Interests and Liabilities Agreements establishing Banco's participation in the Treaties) also received a copy of this letter.

(4) On December 3, 1987, Groupe Kleber acknowledged receipt of the notice letter and requested additional time from First State to appoint an arbitrator on behalf of the reinsurers, including Banco.

(5) On December 4, 1987, the London law firm of Barlow, Lyde & Gilbert (Barlow) informed First State that it had "been contacted" by Banco regarding the arbitration and were "awaiting [Banco's] formal instructions."

(6) Thereafter, Lawrence Brandes, of the New York law firm of Rosenman & Colin, advised counsel for First State that his firm had been retained to represent the reinsurers, including Banco, in the arbitration proceedings.

(7) On November 8, 1995, Brandes, on behalf of the reinsurers, including Banco, agreed upon and signed the Terms of Reference with First State before the three members of the arbitration panel.

(8) The Terms of Reference provide that notice to counsel is deemed notice to the parties. Pursuant to these terms, the arbitrators, counsel for First State, and counsel for the reinsurers agreed to commence the arbitration hearings on September 25, 1996.

(9) Arbitration hearings were held from September 25 to 27 and from November 11 to 20, 1996. In the interim, on October 24, 1996, the panel ordered Banco to post security, which Banco failed to do.

(10) The minutes of the November 13, 1996 meeting of Banco's Board resolve to "give urgent intervention to the Bank's Law Firm." The minutes also state that "[t]he Bank has not received any notice of arbitration from First State Ins. Co.," and request that "the attorney for Groupe Kleber [be notified] that the Bank has not received any notice about the matter." Also on November 13, Banco faxed Barlow and Groupe Kleber a message to the effect that Banco had not received any arbitration notice from First Bank.

(11) During the course of the hearing on November 14, 1996, Brandes informed the panel that "[w]e have heard from Banco de Seguros, who have, we are told, respectfully declined to put up the letter of credit. We're not sure, based on the response received from Banco, whether we even have any authority to act for them *any further* in this matter." (Emphasis supplied). Brandes then stated that "[a]ccording to Banco, they were never a party to this arbitration[ ][, but] that is not my personal understanding."

(12) The hearing continued its course and on February 24, 1998, the panel issued the two awards previously alluded to.

## DISCUSSION

Arbitration as an alternative method of resolving disputes is favored by United States law. This policy has been expressed time and again by Congress' enactment of various statutes promoting arbitration and by the Senate's ratification of the several international agreements regarding arbitration that have thus become a part of our municipal law. 9 U.S.C. § 1 *et seq.;* 9 U.S.C. § 201 *et seq.;* 9 U.S.C. § 301 *et seq.;* 29 U.S.C. § 185(a).

■ In keeping with this policy, and in honoring the forum that has been contractually chosen by the parties to resolve their disputes, review of arbitration decisions by the courts is "extremely narrow and exceedingly deferential." *Wheelabrator Envirotech Operating Servs. Inc v. Mass. Laborers Dist. Council Local 1144,* 88 F.3d 40, 43 (1st Cir.1996) (quoting *Serv. Employees Int'l Union v. Local 1199 N.E., SEIU,* 70 F.3d 647, 651 (1st Cir.1995)). In fact, "[j]udicial review of arbitration awards is among the narrowest known in the law." *Me. Cent. R.R. Co. v. Bhd. of Maint. Way Employees,* 873 F.2d 425, 428 (1st Cir.1989).

■■ The Convention that controls this case provides that "[a] court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. The party opposing confirmation bears the burden of establishing Article V grounds barring confirmation of the arbitral award. *Imperial Ethiopian Gov't v. Baruch–Foster Corp.,* 535 F.2d 334, 336 (5th Cir.1976). Although lack of proper notice of the arbitration proceeding is a ground under Article V(1)(b) of the Convention for refusal by a court to recognize and enforce an award, Banco has clearly failed to meet its burden of establishing such a defense.

The record supports a finding that Banco received proper notice of the arbitration proceedings no less than nine years before they took place. At that time Banco was notified both directly, and indirectly through Groupe Kebler and Hodson, this last entity being the contractually established intermediary designated by the reinsurers to receive "all communications" on their behalf. The notification to Banco through Hodson was sufficiently proper notice in accordance with the terms of the intermediary clause of the treaty. It was the method chosen by the parties to receive notice and therefore cannot be deemed to offend due process.[3] *See Iran Aircraft Indus. v. Avco Corp.,* 980 F.2d 141, 145–46 (2d Cir.1992) (proper notice is that which would satisfy due process requirements under the forum state's law); *Employers Ins. of Wausau v. Banco Seguros del Estado,* 34 F.Supp.2d 1115, 1119–20 (E.D.Wis.1999) (contractual notice provision satisfied notice provisions of Foreign Sovereign Immunities Act). Furthermore, Banco's interests were represented in a meaningful manner by persons with apparent authority and mutuality of interests

---

**3.** Banco argues at length that communications relating to arbitration were not covered by the Intermediary Clause of the Treaties. Because the record evidence strongly supports the conclusion that Banco received actual notice of the arbitration proceeding, it is ultimately irrelevant whether the Intermediary Clause is the applicable provision regard-ing such communications. However, we note that the Clause itself indicates its applicability to "all" communications, and provides no exception for communications relating to arbitration. *See Employers Ins. of Wausau v. Banco Seguros Del Estado,* 34 F.Supp.2d 1115, 1119–20 (E.D.Wis.1999).

during the intervening time between the initial notification in 1987 and Banco's deauthorization of Brandes on November 14, 1998. *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (under our law "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time in a meaningful manner' "). Given the record at hand, it is disingenuous for Banco to claim a lack of proper notice and meaningful representation at the arbitration proceedings, and it could hardly expect to further delay proceedings that had already lasted over a decade. Banco can only blame its own administration or that of its agents or representatives whom it deems to have acted without actual authority or who may have failed to comply with their duties or obligations.

We have considered all other matters raised by Banco in this appeal and reject them as without merit. The judgment of the district court is *affirmed* in all respects. Double costs are imposed upon Banco.