# United States Court of Appeals
## For the First Circuit

No. 07-1024

HORVING RAMOS-SANTIAGO,

Plaintiff, Appellant,

v.

UNITED PARCEL SERVICE,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Camille L. Vélez-Rivé, U.S. Magistrate Judge]

Before

Torruella and Howard, Circuit Judges,
and Smith,[*] District Judge.

Manuel A. Rodríguez-Banchs, on brief for appellant.
Juan J. Casillas-Ayala, with whom Diana M. Espinosa-Núñez and
Fiddler González & Rodríguez, PSC, on brief for appellee.

April 24, 2008

_____

[*] Of the District of Rhode Island, sitting by designation.

**TORRUELLA**, **Circuit Judge**.    Horving Ramos-Santiago ("Ramos") was a driver with the United Parcel Service ("UPS") when he failed to deliver thirty-seven packages over the span of two business days in 2003.  For this incident, UPS terminated his employment and Ramos, through his union representative, filed a grievance challenging the termination.  Pursuant to the controlling collective-bargaining agreement ("CBA"), Ramos's grievance was submitted to arbitration.  The arbitrator found that under Article 11, § 3 of the CBA, UPS was justified in terminating him.  Ramos now seeks judicial review.  Applying the high degree of deference generally accorded arbitral decisions, we affirm the district court's grant of summary judgment enforcing the arbitration award.

## I. Background

As this is an appeal from a grant of summary judgment, we recite the facts in the light most favorable to the non-movant, Ramos, drawing all reasonable inferences in his favor.  Franceschi v. U.S. Dep't of Veterans Affairs, 514 F.3d 81, 84 (1st Cir. 2008).  Petitioner Ramos had been a UPS employee for the past twelve years, most recently as a driver.  He is a member of the International Brotherhood of Teamsters ("Union"), which, along with UPS, is party to a CBA; the CBA outlines the procedure to be followed in carrying out disciplinary actions against union members.  On Friday, January 24, and Monday, January 27, 2003, Ramos failed to deliver thirty-seven packages to Centro Médico, a medical institution in

Río Piedras, Puerto Rico.[1]  As a result, UPS terminated Ramos's employment pursuant to Article 11, § 3 of the CBA.[2]  The Union then filed a grievance challenging Ramos's discharge, arguing that UPS had failed to follow the disciplinary procedure mandated by the CBA, which requires the application of progressive discipline before a final dismissal.  The grievance was submitted to arbitration.

The arbitrator assigned to adjudicate Ramos's grievance held hearings at the Puerto Rico Department of Labor on September 29, 2003, and August 13, 2004.  At these hearings, Ramos stated that he had engaged in an "error of judgment" when he "made the decision" not to deliver the packages to Centro Médico.  After reviewing the evidence, the arbitrator held in favor of UPS, finding that the failure to deliver the packages was "not about mere negligence nor failure of procedures," but was instead a "deliberate action."  As such, Ramos had violated Article 11, § 3 of the CBA and UPS had properly terminated his employment.

Thereafter, Ramos filed a complaint in Puerto Rico state court challenging the arbitrator's decision.  UPS promptly removed

---

[1]  Ramos failed to deliver fifteen packages on Friday, and those same fifteen packages plus seven additional ones on Monday.

[2]  Article 11, § 3 reads: "The Company can suspend or discharge any delegate or employee who declares an unauthorized strike, work stoppage, slowdown, walk out or who takes any other action that paralyzes, obstructs, or interrupts the operations of the Company without resorting to the grievance procedure."

the case to the District Court for the District of Puerto Rico based on jurisdiction granted by § 301 of the Labor Management Relations Act. 29 U.S.C. § 185(a) (2000). On August 7, 2006, UPS filed a motion for summary judgment, which Ramos opposed. The district court granted the motion on October 2, 2006, finding that the arbitral award was a plausible interpretation of the CBA. Subsequently, the district court granted UPS's request for costs on November 2, 2006. Ramos now appeals the district court's decision, as well as its award of costs.

## II. Discussion

### A. Arbitration Award

#### 1. Standard of Review

We review a district court's decision to vacate or confirm an arbitration award de novo. Cytic Corp. v. DEKA Prods. Ltd. P'ship, 439 F.3d 27, 32 (1st Cir. 2006). A federal court's review of an arbitrator's decision, however, is "'extremely narrow and exceedingly deferential.'" Airline Pilots Ass'n, Int'l v. Pan Am. Airways Corp., 405 F.3d 25, 30 (1st Cir. 2005) (quoting Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 330 (1st Cir. 2000)); First State Ins. Co. v. Banco de Seguros del Estado, 254 F.3d 354, 357 (1st Cir. 2001) (quoting Wheelabrator Envirotech Operating Servs. Inc. v. Mass. Laborers Dist. Council Local 1144, 88 F.3d 40, 43 (1st Cir. 1996)). Indeed, it is "among the narrowest known in

the law." Maine Cent. R.R. Co. v. Bhd. of Maint. of Way Employees, 873 F.2d 425, 428 (1st Cir. 1989).

When parties include an arbitration clause in their collective-bargaining agreement, they are choosing to forego a number of legal options in favor of having their disputes regarding the construction of that contract settled by an arbitrator. As this was the bargain the parties struck, they are bound by the arbitrator's decision. See Keebler Co. v. Truck Drivers, Local 170, 247 F.3d 8, 10 (1st Cir. 2001). In the spirit of freedom of contract then, we cannot review the merits of the underlying dispute and are obligated to enforce the arbitral award unless the decision fails to "draw[] its essence from the collective bargaining agreement." See United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960); accord Kraft Foods, Inc. v. Office & Prof. Employees Int'l Union, Local 1295, 203 F.3d 98, 100 (1st Cir. 2000). Though we may be convinced that the arbitrator committed a serious error, if she is "even arguably construing or applying the contract and acting within the scope of his authority," we may not overturn the arbitrator's decision. United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987).

## 2. Review of the Arbitration Award

This Court has recognized a very limited exception under which we may vacate an arbitration award when there is evidence

-5-

that the arbitrator acted in "manifest disregard of the law." Wonderland Greyhound Park, Inc. v. Autotote Sys., Inc., 274 F.3d 34, 35 (1st Cir. 2001). To establish such an exception, the challenger must show that the arbitration award complained of is: (1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact. McCarthy v. Citigroup Global Mkts., Inc., 463 F.3d 87, 91 (1st Cir. 2006). To succeed, there must be "some showing in the record, other than the result obtained, that the arbitrator[] knew the law and expressly disregarded it." Advest, Inc. v. McCarthy, 914 F.2d 6, 9 (1st Cir. 1990) (quoting O.R. Secs., Inc. v. Prof'l Planning Assoc., Inc., 857 F.2d 742, 747 (11th Cir. 1988)).[3]

Ramos argues that this is the type of extraordinary case that warrants our vacating the arbitral decision because the arbitrator who issued it acted in manifest disregard of the law by knowingly applying the wrong provision of the CBA. Ramos's

---

[3] We acknowledge the Supreme Court's recent holding in Hall Street Assocs., L.L.C. v. Mattel, Inc., No. 06-989, 2008 WL 762537, at *4-5 (March 25, 2008), that manifest disregard of the law is not a valid ground for vacating or modifying an arbitral award in cases brought under the Federal Arbitration Act ("FAA"). Because the case at hand is not an FAA case -- neither party has invoked the FAA's expedited review provisions, and the original complaint was filed in Puerto Rico state court under a mechanism provided by state law -- we decline to reach the question of whether Hall Street precludes a manifest disregard inquiry in this setting. Whether or not Hall Street applies, Ramos's claim fails.

argument is unavailing.  UPS terminated Ramos's employment under Article 11, § 3 of the CBA, which by its text allows for the summary discharge or suspension of an employee who declares "an authorized strike, work stoppage, slowdown, walkout or . . . other action that paralyzes, obstructs or interrupts the operations of the Company."  The arbitrator properly found that Ramos's dismissal was justified under this provision.

Ramos argues that his actions cannot be characterized as a strike, work stoppage, slowdown or walkout for the sole reason that he did not engage in any concerted activity with other employees.  While Ramos is correct that the existence of a strike requires concerted action, see 29 U.S.C. § 142 (2000), this Court has stated that concerted action may be carried out by a single employee under certain circumstances.  Five Star Transp. v. NLRB, No. 07-1316, 2008 WL 839758, at *4 (1st Cir. Mar. 31, 2008) (holding that the critical inquiry in determining whether action by a single employee constitutes concerted activity is whether such action is in furtherance of a group concern).  More to the point, the very text of Article 11, § 3 contemplates actions carried out by "any employee or delegate," and does not institute a group action requirement.  Thus, though concerted action does not by itself constitute a strike, the fact that Ramos acted alone does not render the application of Article 11, § 3 improper.

Furthermore, the fact that Ramos delivered packages other than those scheduled for delivery at Centro Médico on the Friday and Monday in question does not make his discharge under Article 11, § 3 unwarranted. Ramos's decision to not deliver the thirty-seven packages on the assigned days clearly obstructed and/or interrupted UPS's operations in contravention of Article 11, § 3. As developed in arbitration, UPS's regular mode of operation is that packages be delivered to the recipient on the day they are sent out from the UPS processing center for delivery. Even if it is understood that some low number of packages might miss their delivery date due to extenuating circumstances, that that number should be as high as thirty-seven is clearly a departure from the norm.

Based on Ramos's admission during arbitration, the arbitrator found that this departure from UPS's normal operations was caused by Ramos's conscious decision to not deliver the thirty-seven packages to Centro Médico. As such, Ramos's action obstructed and/or interrupted UPS's operations and the arbitrator's decision is a plausible construction of Article 11, § 3. It is also clear that the arbitrator's decision draws its essence from the CBA. Because the arbitrator did not act in manifest disregard of the law, and her opinion is supported in reason and fact and is not based on faulty reasoning or a crucial assumption that is concededly a non-fact, the arbitral award is allowed to stand.

## B. Bill of Costs

### 1. Standard of Review

We ordinarily review a district court's award of costs for abuse of discretion. In re San Juan Dupont Plaza Hotel Fire Lit., 111 F.3d 220, 228 (1st Cir. 1997); see also García-Goyco v. Law Envtl. Consultants, Inc., 428 F.3d 14, 18 (1st Cir. 2005). In doing so, we remember that an award of costs is the type of discretionary ruling to which appellate courts should give "'virtually complete'" deference. Dupont Plaza Hotel Fire, 111 F.3d at 228 (quoting Estate of Borst v. O'Brien, 979 F.2d 511, 517 (7th Cir. 1992)).

### 2. Review of the Award of Costs

Ramos alleges that the district court erred in awarding UPS litigation costs because it did so before the ten-day period to file an objection to a bill of costs had run out. See D.P.R. R. 54(b). Specifically, UPS filed its brief in support of its bill of costs on October 24, 2006, and the district court granted its award of costs within the ten-day period on November 2, 2006. Yet Ramos never filed his objection to the bill of costs either before or after it was awarded. As such, and according to the text of Puerto Rico Local Rule 54(b), Ramos has waived his objection. Id. ("Unless within ten (10) days after the filing of a bill of costs the opposing party files a written objection thereto, incorporating a memorandum of law, the opposing party shall be deemed to have

-9-

waived objection and the Clerk shall tax the costs which appear properly claimed."

### III. Conclusion

For the foregoing reasons, the district court's grant of summary judgment enforcing the arbitration award is affirmed.

**Affirmed**.