NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2013*
Decided January 24, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-2346

| | |
|---|---|
| GHALEB AZROUI, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 CV 00280 |
| E*TRADE SECURITIES, LLC, | |
| *Defendant-Appellee.* | Robert W. Gettleman, *Judge.* |

## O R D E R

Ghaleb Azroui appeals the denial of his motion to vacate an arbitration award favoring E*Trade Securities, LLC. Azroui conducted online trading through E*Trade's website and believes the company violated its customer agreement by failing to process his trading requests in a timely manner and twice freezing his account. The customer agreement includes a broad arbitration clause, and Azroui submitted his claim to arbitration. During the hearing E*TRADE admitted that it had frozen Azroui's account after detecting a potential security threat—Azroui had logged on using a computer

---

*After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

unfamiliar to E*TRADE. When he asked the firm to unfreeze the account, it mistakenly restored only some of the account's functionality. Azroui maintained that E*TRADE's error prevented him from making timely trades that would have netted him at least $165,000. The three-member arbitration panel disagreed and ruled in favor of E*Trade.

Dissatisfied, Azroui asked a federal court to vacate the award. *See* 9 U.S.C. §§ 6, 10. He accused the arbitrators of failing to "listen well" to the evidence that he had offered against E*Trade. The district court denied Azroui's motion to vacate. It concluded that Azroui had not met his burden to show that the arbitrators were biased, refused to hear evidence, or exceeded their powers—the only grounds that could permit vacating the award. *See id.* at § 10(a)(1)–(4); *Affymax, Inc. v. Ortho-McNeil-Janssen Pharm.*, 660 F.3d 281, 284 (7th Cir. 2011).

Azroui appeals and rehashes his contention that the arbitrators were biased. He insists that they rejected all his evidence and ruled in favor of E*Trade despite its admission that it had made a mistake. To Azroui, this shows "evident partiality or corruption" on the part of the arbitrators. *See* 9 U.S.C. § 10(a)(2). We review de novo the denial of the motion to vacate, *Webster v. A.T. Kearney, Inc.*, 507 F.3d 568, 571 (7th Cir. 2007), but we agree with the district court that Azroui did not meet his "difficult" burden of showing direct bias, *Harter v. Iowa Grain Co.*, 220 F.3d 544, 556 (7th Cir. 2000). His evidence of bias is that the panel ruled against him on a record that he believes favored him. But factual or legal errors are never grounds for vacating an arbitration award, *Eljer Mfg., Inc. v. Kowin Dev. Corp.*, 14 F.3d 1250, 1254 (7th Cir. 1994), and a mere appearance of bias (as Azroui infers from the adverse ruling) is likewise not a valid ground for vacatur, *see Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1264 (7th Cir. 1992).

Azroui also presents a new argument—the arbitrators impaired the fundamental fairness of the hearing by denying his request for a postponement. *See* 9 U.S.C. § 10(a)(3). But he forfeited this argument by raising it for the first time on appeal. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012); *Coleman v. Hardy*, 690 F.3d 811, 818 (7th Cir. 2012). In any event, his brief tells us nothing about the reasons he gave the arbitrators for the postponement or how its denial adversely affected him.

Accordingly, we **AFFIRM** the district court's judgment.