# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-2179

———————

| | | |
|---|---|---|
| Medicine Shoppe International, Inc., | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| Turner Investments, Inc.; Donnie W. | * | Eastern District of Missouri. |
| Turner, | * | |
| | * | |
| Appellants. | * | |

———————

Submitted: January 11, 2010
Filed: July 21, 2010

———————

Before SMITH and COLLOTON, Circuit Judges, and KORNMANN,[1]District Judge.

———————

SMITH, Circuit Judge.

Medicine Shoppe International, Inc. ("MSI") filed a claim with the American Arbitration Association against Donnie Turner, president of Turner Investments, Inc., and Turner Investments, Inc. (collectively, "Appellants"), for an alleged violation of a franchise agreement between MSI and Appellants. MSI sought, *inter alia*, lost future profits and future license fees. The arbitrator granted MSI all its requested damages,

———————

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota, sitting by designation.

and the district court[2] confirmed the award. Appellants argue that the district court erred because the arbitrator showed a manifest disregard for the law. We affirm.

## I. *Background*

Appellants entered into a license agreement with MSI on December 27, 1994, which stated that Appellants would operate a MSI franchise for 20 years. The terms of the agreement called for Donnie Turner to be personally liable for all of Appellants' debts and obligations. As part of the consideration for MSI's agreement to provide Appellants access to the MSI marks and goodwill and franchise system support, Appellants agreed to pay MSI license fees for 20 years. The parties also agreed that they would submit any dispute arising from the agreement to binding arbitration.

Appellants closed their franchise in August 2007, which MSI alleges was a breach of the franchise agreement. Appellants claim that prior to closing they sought to sell the franchise to another entity, but MSI delayed approval of the sale. MSI then sought past due license fees, future continuing license fees for the remainder of the 20-year term, and attorneys' fees and costs from Appellants. Pursuant to the terms of the license agreement, MSI filed a claim with the American Arbitration Association. MSI alleged that Appellants violated the franchise agreement by failing to pay franchise license fees when due and unilaterally closing their MSI franchise prior to the completion of the 20-year term of the agreement. Appellants did not dispute their obligation to pay past due license fees, royalties, and other associated fees before the arbitrator; instead Appellants challenged only MSI's claim for future license fee payments.

During the arbitration hearing John Fiacco, MSI's Vice President of Field Services, detailed MSI's attempts to mitigate damages. Steve Schoch, MSI's Vice

[2]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

President of Finance, testified regarding MSI's calculation of lost profits. In response to the arbitrator's specific requests relating to the issue of lost profits, including reference to specific Missouri case law, both MSI and Appellants submitted post-hearing briefs.

On January 30, 2009, the arbitrator entered an award in favor of MSI in the amount of $472,164.42, awarding MSI all requested damages and attorneys' fees and costs. After Appellants failed to satisfy the award, MSI sought a judgment in the district court confirming the award. Appellants opposed the confirmation, alleging that MSI delayed the approval of the franchise's transfer, failed to present sufficient evidence of lost future profits, failed to mitigate its damages, and, for the first time, alleged that arbitration is generally unfair to franchisees.

The district court confirmed the arbitrator's award in its entirety, finding that none of Appellants' arguments presented appropriate grounds for vacatur under 9 U.S.C. § 10.

## II. *Discussion*

Appellants argue that the district court erred in confirming the award because the arbitrator showed a manifest disregard for the law. Specifically, Appellants assert that MSI failed to demonstrate future profits with reasonable certainty as Missouri law requires. Additionally, Appellants raise MSI's failure to mitigate damages as an affirmative defense. Finally, Appellants also contend that an award of future fees to a franchisor hampers the growth of important franchise markets, contrary to public-policy.

In response, MSI points out the great deference we must give to the arbitrator's decision and asserts that Appellants have stated no grounds for vacating the award. MSI argues that after a full and fair hearing on the merits, the arbitrator issued an award that was amply supported by the evidence. In regard to the public policy

argument, MSI argues that Appellants may not raise the argument on appeal because they did not make it before the district court.

"When reviewing a district court's order confirming an arbitration award, we review de novo questions of law, but we accept the district court's factual findings unless clearly erroneous." *McGrann v. First Albany Corp.*, 424 F.3d 743, 748 (8th Cir. 2005). Although we review de novo the district court's legal conclusions, we provide "an extraordinary level of deference" to the underlying arbitration award. *Schoch v. InfoUSA, Inc.*, 341 F.3d 785, 788 (8th Cir. 2003) (internal quotations and citation omitted). Courts have no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract. *Id.*; *see also Inter-City Gas Corp. v. Boise Cascade Corp.*, 845 F.2d 184, 187 (8th Cir. 1988) (acknowledging that "contract interpretation is left to the arbitrator"). "The bottom line is we will confirm the arbitrator's award even if we are convinced that the arbitrator committed serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority." *McGrann*, 424 F.3d at 748 (internal quotations, alteration and citation omitted).

An arbitrator's broad authority, however, is not unlimited. An arbitrator's decision is subject to limited judicial review. The Federal Arbitration Act (FAA), 9 U.S.C. §§ 9–11, provides judicial review to confirm, vacate, or modify arbitration awards. *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). Courts "must confirm an arbitration award unless it is vacated, modified, or corrected as prescribed in §§ 10 and 11." *Id.* (internal quotations omitted). The FAA authorizes a district court to vacate an arbitration award in four limited circumstances, and in the

absence of one of these grounds, the award must be confirmed. *Id*. Specifically, § 10 states that a federal court may vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;

> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Prior to *Hall Street*, a court could vacate arbitration awards on grounds other than those listed in the FAA. *See Schoch*, 341 F.3d at 788 (holding that in addition to the FAA's expressed reasons for vacating arbitration awards, a court can vacate an arbitration award if it is "completely irrational," which means "it fails to draw its essence from the agreement," or if the award evidences a manifest disregard for the law.). In 2008, however, *Hall Street*, resolving a circuit split, held that "the text [of the FAA] compels a reading of the §§ 10 and 11 categories as exclusive." 552 U.S. at 586.

> On application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies.

*Id*. at 587.

We have previously recognized the holding in *Hall Street* and similarly hold now that an arbitral award may be vacated only for the reasons enumerated in the FAA. *See Crawford Group, Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008) (citing *Hall Street*, 552 U.S. at 584).

Appellants do not allege any corruption, fraud, impartiality or an abuse of power—the grounds recognized by the FAA. Rather, Appellants argue that the arbitrator manifestly disregarded Missouri law, which requires that future fees be ascertained with reasonable certainty. Appellants challenge alleged factual and legal flaws in the arbitrator's award, namely that the arbitrator ignored the allegations that MSI delayed approval of the transfer of Appellants' pharmacy; MSI failed to present adequate evidence of lost future profits; MSI failed to mitigate its damages; and MSI failed to exercise its option to take over the operation of Appellants' franchise.

Appellants' claims, including the claim that the arbitrator disregarded the law, are not included among those specifically enumerated in § 10 and are therefore not cognizable. *See Hall Street*, 552 U.S. at 586. The record reflects that the arbitrator acted within the scope of his authority. In the absence of an enumerated ground for vacation of the arbitrator's order, we decline to review the merits of his conclusions.

Appellants' public policy argument that the confirmation of the award does not promote franchise markets also fails. Appellants have waived this argument, as they raised it for the first time in their brief to this court. When a party "who contests the merits of an arbitration award in court fails to first present the challenges on the merits to the arbitrators themselves, review is compressed still further, to nil." *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1101 (8th Cir. 2004) (internal quotations and citation omitted).

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____