# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2862

_____

Beumer Corporation; Beumer Kansas City, LLC,

*Plaintiffs - Appellees*,

v.

ProEnergy Services, LLC; Western Surety Company,

*Defendants - Appellants*.

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: April 12, 2018
Filed: August 9, 2018

_____

Before COLLOTON, MELLOY, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

ProEnergy Services, LLC, and its surety Western Surety Company (collectively, "ProEnergy") appeal a judgment of the district court[1] confirming an arbitrator's award of attorney's fees and expenses to Beumer Corporation and Beumer

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Kansas City, LLC (collectively, "Beumer"). We conclude the arbitrator acted within the scope of his authority, and we therefore affirm.

Beginning in November 2011, Beumer and ProEnergy contracted for ProEnergy to furnish and fabricate steel as part of Beumer's construction of a pipe conveyor system. Beumer complained, however, that ProEnergy's work was deficient, and withheld payment to cover its alleged damages. The contract included an arbitration clause, and ProEnergy initiated an arbitration proceeding in response to Beumer's refusal to pay. ProEnergy sought approximately $500,000 for the withheld payment, and Beumer counterclaimed for $2.3 million in damages.

During the arbitration proceedings, the parties disputed whether their contract's provision on limitation of liability was enforceable and the extent to which it limited ProEnergy's liability. The provision states: "Notwithstanding any of the foregoing or any other term in this Contract, the total liability of Contractor for any loss, indemnity, damage or delay of any kind will not under any circumstances exceed 100% of the Contract Sum."

The arbitrator determined that the provision was enforceable, and that the liability cap (the Contract Sum) was $699,702.39. The arbitrator, however, concluded that the limitation on liability did not extend to attorney's fees, and that an award of damages plus attorney's fees could exceed the cap. Citing four decisions—including one from this court—that applied law from Illinois, Texas, Arizona, and Florida, respectively, the arbitrator observed that "[i]n the limitation of liability context, courts routinely classify attorneys' fees and legal expenses not as damages but as costs that are not subject to the limitation of liability." The arbitrator ultimately awarded Beumer $699,702.39 in damages plus $191,680.14 in pre-judgment interest, 9% post-judgment interest, and $916,027.90 in attorney's fees and expenses.

Beumer moved in the district court to confirm the award. ProEnergy paid the damages award and the accompanying pre- and post-judgment interest, but moved to vacate the attorney's fees award as beyond the arbitrator's authority under the contract. The district court confirmed the award, and ProEnergy appeals. We review the district court's legal conclusions *de novo* and its factual findings for clear error. *Medicine Shoppe Int'l, Inc. v. Turner Invs., Inc.*, 614 F.3d 485, 488 (8th Cir. 2010).

Under the Federal Arbitration Act, 9 U.S.C. § 9, a court must confirm an arbitration award unless the award is vacated under 9 U.S.C. § 10, or modified or corrected pursuant to 9 U.S.C. § 11. Sections 10 and 11 set forth the exclusive grounds for vacating or modifying an award. *See Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). ProEnergy seeks to vacate the attorney's fees award under § 10 on the ground that the arbitrator "exceeded [his] powers." 9 U.S.C. § 10(a)(4).

An arbitrator does not "exceed his powers" by making an error of law or fact, even a serious one. The parties agreed that disputes would be finally determined by arbitration, and "so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority," the award should be confirmed. *Medicine Shoppe*, 614 F.3d at 488 (quoting *McGrann v. First Albany Corp.*, 424 F.3d 743, 748 (8th Cir. 2005)). ProEnergy does not dispute that the contract includes a valid attorney's fees provision, or that the arbitrator was "arguably construing" the limitation on liability provision when he determined that the provision did not extend to attorney's fees.

Nevertheless, ProEnergy contends the arbitrator exceeded his powers because he did not follow the contract's section on governing law. The provision specifies that "[t]his Agreement will be subject to, governed by and construed in accordance with the laws of the State of Missouri, without giving effect to its conflict of law rules." Missouri law, ProEnergy asserts, considers attorney's fees to be "loss" or

"damage," so that any amount awarded for fees should count toward the limit of liability under the contract. ProEnergy urges that the arbitrator exceeded his powers when he "disregarded" the choice-of-law provision, cited cases applying the law of jurisdictions other than Missouri, and construed the provision limiting liability to exclude attorney's fees.

The face of the arbitrator's decision does not support the assertion that he ignored the section on governing law. He did not, as ProEnergy suggests, "specifically and expressly disregard[] an unequivocal choice-of-law provision." The arbitrator cited Missouri law throughout his order. He relied on Missouri law when assessing whether one version of the parties' contract constituted a novation of a prior version. And he applied Missouri law to determine the applicable rate of pre- and post-judgment interest.

ProEnergy complains that the arbitrator did not cite Missouri decisions when addressing whether attorney's fees were covered by the limit on liability. The arbitrator, however, never said that he substituted his own choice-of-law preference for the contractual provision, and the absence of Missouri citations on this issue more likely suggests that the arbitrator found no Missouri authority on point. We follow a similar practice in diversity cases: when the State whose law we are applying has not addressed a particular issue, we turn to other jurisdictions for guidance. *See Chicago Ins. Co. v. Archdiocese of St. Louis*, 740 F.3d 1197, 1200 (8th Cir. 2014).

If the arbitrator mistakenly overlooked Missouri decisions that favored a contrary result, then he might have made an error of law in applying the contract, but such an error of law does not justify vacating the award. The parties bargained for the arbitrator's decision; if the arbitrator got it wrong, then that was part of the bargain. Our own view is that the Missouri decisions cited by ProEnergy do not establish that attorney's fees are part of "loss" or "damage" under Missouri law, but whether the arbitrator was right or wrong by our lights is really beside the point.

ProEnergy cites authority from the Seventh Circuit that an arbitrator's failure to apply the parties' chosen law is a "manifest disregard of the law" that justifies vacating an award, but those decisions have been superseded. The Seventh Circuit itself recognized that ProEnergy's preferred authority, *see, e.g.*, *Edstrom Indus., Inc. v. Companion Life Ins. Co.*, 516 F.3d 546, 552-53 (7th Cir. 2008), did not survive the Supreme Court's decision in *Hall Street Associates*, because "'manifest disregard of the law' is not a ground on which a court may reject an arbitrator's award under the Federal Arbitration Act." *Affymax, Inc. v. Ortho-McNeil-Janssen Pharm., Inc.*, 660 F.3d 281, 285 (7th Cir. 2011). We therefore conclude that ProEnergy has not demonstrated grounds to vacate the arbitration award under 9 U.S.C. § 10.

The judgment of the district court is affirmed. Beumer's motion for sanctions is denied.

_____