# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-2242
_____

Industrial Steel Construction, Inc.

*Plaintiff - Appellee*

v.

Lunda Construction Company

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: January 12, 2022
Filed: May 13, 2022
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

KELLY, Circuit Judge.

Lunda Construction Company appeals the district court's decision vacating in part the arbitrator's final award in proceedings with Industrial Steel Construction, Inc. (ISC). We have jurisdiction under 28 U.S.C. § 1291, and we reverse with instructions for the district court to confirm the arbitrator's award in full.

# I. Background

This case arises out of a contract related to the construction of a bridge across the Mississippi River between Bettendorf, Iowa, and Moline, Illinois. In 2017, the Iowa Department of Transportation (IADOT) hired Lunda as the general contractor for the project. Lunda then contracted with ISC to fabricate structural steel for the bridge. In August 2020, ISC filed suit against Lunda alleging breach of contract, promissory estoppel, unjust enrichment, quantum meruit, and negligent misrepresentation. The district court compelled the parties to arbitration pursuant to their contract and stayed the court proceedings. ISC then made its complaint to the arbitrator, and Lunda filed counterclaims. The arbitrator held a hearing and issued a final award. In the final award, the arbitrator found no merit to ISC's claims. He found that Lunda was entitled to reimbursement for the costs of repairing ISC's defective work and awarded Lunda $84,977.19 for those repair costs.[1] The arbitrator also awarded Lunda its attorney's fees and expert costs and required ISC to reimburse Lunda for its half of the cost of the arbitration.

Lunda then moved to reopen proceedings before the district court and sought confirmation of the final award. ISC moved to vacate in part or modify the award, challenging the arbitrator's authority to award Lunda attorney's fees and expert costs. The district court agreed with ISC that the arbitrator exceeded his authority in awarding fees and expert costs to Lunda, vacated that portion of the award, and confirmed the rest. Lunda timely filed this appeal.

In their contract, Lunda and ISC agreed that disputes arising between them would be resolved in arbitration and that the American Arbitration Association (AAA) Construction Industry Rules would "govern all procedural matters not

---

[1]The arbitrator also found that Lunda had been denied funds from IADOT because of ISC's failure to provide materials certifications required by the state and ordered ISC to compensate Lunda for the amount of those funds unless they were paid by IADOT to Lunda within 90 days. Since Lunda timely received the funds from IADOT, ISC was no longer required to pay that additional amount to Lunda.

specified" in the contract. Regarding attorney's fees, the contract provided, "In the event ISC is required to bring an action to recover any amount owed to it, ISC shall be entitled to recover all costs, including reasonable attorneys' fees." The word "reasonable" in this provision is added in red handwritten text to the typed document and initialed. The paragraph addressing Lunda's right to seek damages from ISC provides that ISC "shall be liable for ~~incidental and consequential~~ damages ~~(including attorneys fees and liquidated damages)~~ resulting from delays <u>caused solely by Seller</u> in delivery, from the breach of any warranties, from defective goods and from any other breach of the term and conditions." The stricken and underlined portions appear in a different font color, and the bottom of the page bears two sets of initials.

The AAA Construction Industry Rules also speak to the issue of fees and costs. Rule 48(d)(ii) provides that the "award of the arbitrator may include . . . an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement." Rule 48(c) instructs that "the arbitrator shall assess fees, expenses, and compensation as provided in" Rules 55, 56 and 57. As relevant here, Rule 56 provides that "[t]he expenses of witnesses for either side shall be paid by the party producing such witnesses," but Rule 48(c) permits the arbitrator to "apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate."

In their filings and presentations to the arbitrator, both Lunda and ISC requested attorney's fees and costs should they prevail. ISC disputed Lunda's entitlement to fees under the language of the parties' agreement. ISC pointed out that while the parties' contract explicitly stated that ISC could recover attorney's fees, the parties had agreed to strike the provision that would have allowed Lunda to recover fees. Only ISC, it argued, was permitted to recover its attorney's fees if it prevailed in the litigation. Lunda, on the other hand, took the position that the contract did not directly address the issue of Lunda's attorney's fees but entitled it to generalized damages, and the arbitrator could award fees and costs under the AAA Construction Industry Rules.

## II. Legal Standard

The Supreme Court has long recognized that the Federal Arbitration Act (FAA) "establishes 'a liberal federal policy favoring arbitration agreements.'" Epic Sys. Corp. v. Lewis, 138 S. Ct. 1612, 1621 (2018) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). The FAA requires courts to enforce arbitration agreements according to their terms on equal footing with any other contract. See 9 U.S.C. § 2. It also provides for courts to enforce the results of arbitration by confirming an arbitration award and enumerates specific situations in which a court may vacate or modify an arbitration award. See id. §§ 10, 11. The bases enumerated in Sections 10 and 11 are the "exclusive grounds" on which a party may seek vacatur or modification. See Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 584 (2008).

In seeking vacatur of the attorney's fee and expert costs, ISC relies on Section 10(a)(4), which permits vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." "A party seeking relief under that provision bears a heavy burden." Oxford Health Plans LLC v. Sutter, 569 U.S. 564, 569 (2013). "Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." Id. (quotation omitted). Therefore, the "sole question" for the court is "whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." Id. "An arbitrator does not 'exceed his powers' by making an error of law or fact, even a serious one." Beumer Corp. v. ProEnergy Servs., LLC, 899 F.3d 564, 565 (8th Cir. 2018).

## III. Discussion

Here, the arbitrator at least arguably construed the parties' agreement in awarding attorney's fees and expert costs to Lunda. The final award expressly relies

on the AAA Construction Industry Rules in awarding attorney's fees and expert costs to Lunda, stating, "[T]he Arbitrator has reviewed R-48 of the Construction Industry Rules of the AAA and finds that an award of attorneys' fees and costs is appropriate in this matter." The parties' agreement provided that those rules would govern any procedural matters not otherwise specified in the contract. And the mention of ISC's liability for Lunda's attorney's fees was stricken from the parties' agreement. Thus, we can conclude that the arbitrator at least arguably construed the agreement not to address Lunda's fees, determined liability for fees to be a "procedural matter not specified" in the agreement, and applied the Construction Industry Rules to fill in the gap, as provided by the contract.

ISC disagrees with the arbitrator's conclusion, but whether the arbitrator's interpretation is correct is not a question before this court. "[C]onvincing a court of an arbitrator's error—even his grave error—is not enough. . . . The potential for those mistakes is the price of agreeing to arbitration." Oxford Health, 569 U.S. at 572–73. ISC may wish that the arbitrator had explained his reasoning in greater detail, but it does not offer any basis to conclude that "the arbitrator based his decision on some body of thought, or feeling, or policy, or law that is outside the contract." CenterPoint Energy Res. Corp. v. Gas Workers Union, 920 F.3d 1163, 1167 (8th Cir. 2019) (quotation omitted). Because there is a basis for this court to infer that the arbitrator reached his decision to award Lunda attorney's fees and expert costs by construing the parties' agreement, we must affirm the final award and may not examine the accuracy of the arbitrator's decision. See id. ("The arbitrator's disregard of the contract must be clear: that an opinion includes an 'ambiguity' that 'permits the inference that the arbitrator may have exceeded his authority is not a reason for refusing to enforce the award.'" (quoting United Steelworkers of Am. v. Enter. Wheel & Car Corp., 363 U.S. 593, 598 (1960))).

Finally, ISC points to the arbitrator's failure to provide findings of fact and conclusions of law specific to the issue of fees and costs to support its argument that the arbitrator failed to construe the contract. The parties' agreement provided that, in resolving a dispute, the arbitrator would be "required to issue . . . a final ruling

that includes findings of facts and law." But the parties cannot impose a heightened standard of judicial review even by mutual agreement. <u>See</u> <u>Hall Street</u>, 552 U.S. at 585–86 (rejecting petitioner's argument that a court could vacate a final award for legal error where the parties' contract so provided). Here, the arbitrator's award contains extensive findings of fact and conclusions of law regarding the parties' dispute and specifies a basis for the award of attorney's fees and costs. Where the reasoning of the final award provides "an interpretive route" from the contract to the arbitrator's conclusion, the district court may not vacate or modify the award, even if the district court disagrees with the arbitrator's ultimate conclusion. <u>CenterPoint</u>, 920 F.3d at 1168.

We therefore vacate the judgment of the district court and remand with instructions to confirm the final award in full.

_____