# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3561

_____

Martinique Properties, LLC

*Plaintiff - Appellant*

v.

Certain Underwriters at Lloyd's of London, Subscribing to Policy Number
W1551E160301; Beazley Lloyd's Syndicate 2623; Beazley Lloyd's Syndicate 623

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 16, 2022
Filed: March 1, 2023

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

KELLY, Circuit Judge.

Martinique Properties, LLC filed a complaint against Certain Underwriters at
Lloyd's, London (Underwriters) seeking to vacate an arbitration award. The district

court[1] dismissed the complaint for failure to state a claim for vacatur. Martinique Properties now appeals, and we affirm.

I.

Martinique Properties owned apartments in Omaha, Nebraska, for which it had property insurance coverage through Underwriters. In May 2016, while the policy was in effect, the apartments sustained hail and wind damage. Martinique Properties submitted an insurance claim for reimbursement of its repair costs. But Martinique Properties and Underwriters disputed the amount owed for the repairs.

The insurance policy included an appraisal provision, which governed the process for resolving disagreements as to the amount of loss or the value of the property. Under the provision, a panel of appraisers was to evaluate the property damage and determine the amount of loss. If the panel came to a decision, its agreed-upon appraisal award would be binding on the parties.

In September 2019, Martinique Properties invoked the appraisal provision. A panel of appraisers agreed on a binding appraisal award in June 2020. The panel explained that the appraisal award had been calculated, in part, based on figures provided by a third-party repair company.

In May 2021, Martinique Properties filed suit in Nebraska state court against Underwriters, seeking a declaration that the appraisal process and award were invalid. According to Martinique Properties, the award incorporated incorrect figures and measurements. Underwriters removed the action to federal district court

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

and filed a motion to dismiss, arguing that Martinique Properties failed to adequately plead a ground for vacatur under the Federal Arbitration Act (FAA).[2]

The district court granted Underwriters' motion to dismiss, finding that none of Martinique Properties' allegations presented appropriate grounds for vacatur. Martinique Properties appeals. We review de novo a district court's grant of a motion to dismiss for failure to state a claim, "accepting as true all factual allegations in the light most favorable to the nonmoving party." Glick v. W. Power Sports, Inc., 944 F.3d 714, 717 (8th Cir. 2019).

II.

The FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). A court's review of an arbitration award is "very limited." Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC, 319 F.3d 1060, 1064 (8th Cir. 2003). We afford "'an extraordinary level of deference' to the underlying arbitration award" and have "no authority to reconsider [its] merits." Med. Shoppe Int'l, Inc. v. Turner Invs., Inc., 614 F.3d 485, 488 (8th Cir. 2010) (quoting Schoch v. InfoUSA, Inc., 341 F.3d 785, 788 (8th Cir. 2003)). Under the FAA, a court may only "vacate an arbitration award in four limited circumstances, and in the absence of one of these grounds, the award must be confirmed." Id.

Martinique Properties argues that the appraisal award must be vacated because the appraisers "used figures and measurements which are contrary to the actual conditions of the Property" and failed to "consider certain buildings" and

---

[2]Underwriters also invoked the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (Convention) in its motion to dismiss, but because Martinique Properties does not challenge the district court's application of the Convention, we do not address it here. Similarly, neither party contests the district court's conclusion that the appraisal process here qualifies as an arbitration for purposes of the FAA.

certain portions of a damaged roof when determining the appraisal award. These alleged errors, Martinique Properties argues, show that the appraisers were either "guilty of misconduct," 9 U.S.C. § 10(a)(3), or "so imperfectly executed" their powers that "a mutual, final, and definite award . . . was not made," id. §10(a)(4)—two of the four grounds for vacating an award under the FAA.

However, Martinique Properties has alleged only factual errors that challenge the merits of the appraisal award, and we "have no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors." Med. Shoppe Int'l, 614 F.3d at 488. "An arbitrator does not 'exceed his powers' by making an error of . . . fact, even a serious one." Beumer Corp. v. ProEnergy Servs., LLC, 899 F.3d 564, 565 (8th Cir. 2018). Accordingly, the appraisers' use of certain figures and measurements in calculating the amount of loss here, and their alleged failure to consider particular buildings and portions of roof damage, even if incorrect, are not sufficient for vacatur under the FAA. See Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 751 (8th Cir. 1986) ("We may not set an award aside simply because we might have interpreted the agreement differently or because the arbitrators erred in . . . determining the facts"); Beumer Corp., 899 F.3d at 566 ("The parties bargained for the arbitrator's decision; if the arbitrator got it wrong, then that was part of the bargain.").

Because Martinique Properties' complaint fails to allege any permissible grounds for vacating the appraisal award, we affirm the judgment of the district court.

_____