# IN THE COURT OF APPEALS OF IOWA

No. 23-1262
Filed July 24, 2024

**WILLIAM LOTZ, GLORIA LOTZ, WILLIAM BRANDENBURG, WILLIAM QUINN, JEFFREY TEMEYER, LEONARD KOBLISKA, SHEILA FANGMAN, ANGELA QUINN, MICHAEL DECKER, CURTIS WILSON, LINDA WILSON and RICK KAYSER,**
        Plaintiffs-Appellees,

**vs.**

**DANA VIETOR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Buchanan County, John J. Sullivan, Judge.


        A defendant in an arbitration proceeding appeals the district court's denial of his motion to vacate an arbitration award.  **AFFIRMED.**


        Marcus P. Zelzer, Andrew R. Shedlock (pro hac vice), and Victoria H. Buter of Kutak Rock, LLP, Minneapolis, Minnesota, for appellant.

        Gail E. Boliver of Boliver Law Firm, Marshalltown, and Matthew Craft of Daniels, Hines, et al., Cedar Falls, for appellees.


        Heard by Greer, P.J., and Ahlers, Badding, Chicchelly, and Langholz, JJ.

**BADDING, Judge.**

Dana Vietor, a former registered representative with the Financial Industry Regulatory Authority (FINRA), appeals the district court's denial of his motion to vacate an arbitration award against him for just over $5.7 million on claims brought by ex-clients. Vietor contends the award should have been vacated under the Federal Arbitration Act (FAA) because (1) the arbitration panel refused to postpone the final hearing after Vietor's lead trial counsel withdrew; (2) one of the arbitrators failed to disclose a conflict of interest; and (3) the panel's decisions on attorney fees, breach of contract, and the arbitration eligibility of several claims were in manifest disregard of the law. The claimants request an award of appellate attorney fees as a sanction against Vietor under Iowa Rule of Civil Procedure 1.413(1).

Operating within the limited scope of review under the FAA, which is extraordinarily deferential to arbitration awards, *see Med. Shoppe Int'l v. Turner Inv., Inc.*, 614 F.3d 485, 488 (8th Cir. 2010), we affirm the district court's denial of Vietor's motion to vacate the award and entry of judgment in favor of the claimants. The claimants' request for appellate attorney fees is denied.

## I.      Background Facts and Proceedings

In June 2021, a group of clients who had invested money with Dana Vietor filed a statement of claim with FINRA to start arbitration proceedings. Most of the investors were in their seventies, with a historically conservative investment objective and risk tolerance. Beginning in 2012 and continuing through 2019, they alleged that Vietor advised them to surrender annuities and place their funds into a "cancer treatment scheme":

> The investment "story" as told to the Claimants was to offer patients cancer treatment via a "Cyberknife" and other equipment. The story included the acquisition of a building to house the equipment so the treatment would be offered through LLCs managed principally by Mr. Vietor. . . . Investors were to profit from the services provided to cancer patients.

But Vietor never provided the claimants with financial information after they surrendered their annuities or advised them of the current financial condition of their investments, which they asserted were "a complete loss for some time while Vietor file[d] valuations with custodians showing untenably high values."

The claimants sought compensatory and punitive damages against Vietor on their causes of action for misrepresentation, fraudulent nondisclosure, negligent misrepresentation, breach of fiduciary duty, negligence, breach of contract, and violations of the Iowa Securities Act. They also sought attorney fees under a one-third contingency fee agreement with their counsel. Attorneys Chris Parrington and Andrew Shedlock with Kutak Rock, LLP entered appearances and filed an answer with counterclaims on Vietor's behalf. Early on in the proceedings, Vietor moved to dismiss some of the claims against him as time-barred by FINRA rule 12206, which states: "No claim shall be eligible for submission to arbitration under the Code where six years have elapsed from the occurrence or event giving rise to the claim." The panel denied Vietor's motion to dismiss, and a final hearing was set for ten days, starting on September 26, 2022.

On September 14, Vietor moved to postpone the hearing due to the sudden and unexpected departure of Parrington—his lead trial counsel—from Kutak Rock two days earlier. While Shedlock had "collaborated on strategy, filings, pleadings and response" in the case, Vietor did not want to proceed to the hearing with

Shedlock as his only attorney. He estimated that it would "take several weeks, if not months," to find a new lead attorney. The arbitration panel partially granted Vietor's request, ruling that because Vietor "filed a motion to postpone the hearing and . . . that we only have two arbitrators on the Thursday before the hearing scheduled for Monday," the hearing would be "postponed one week to begin on October 3, 2022 to continue through October 7, 2022."

The case administrator appointed a third arbitrator on September 28—Peter Hildreth. His disclosure report noted that he had retired as commissioner of the New Hampshire Banking Department in 2011. Under the FINRA rules for appointing arbitrators, Vietor was notified that Hildreth could only be challenged for cause because none of the arbitrators on the parties' ranked list were available to serve.

Vietor did not challenge Hildreth's appointment, and the case proceeded to the final hearing. In an unreasoned decision filed on November 28,[1] the panel awarded the claimants $4,275,177 in compensatory damages and $1,425,058 in attorney fees under Iowa Code section 502.509 (2021). The claimants' request for punitive damages was denied, as were Vietor's counterclaims.

The claimants petitioned to confirm the arbitration award on November 30. Vietor resisted the petition and moved to vacate the award under the FAA, 9 U.S.C. § 10(a). Portions of the arbitration record were attached to the parties' filings in the district court, with additional documents offered at the hearing on

---

[1] FINRA rule 12904(g) allows an "explained decision," which is "a fact-based award stating the general reason(s) for the arbitrators' decision," only when all parties jointly request such a decision.

January 31, 2023.  Following that hearing, the district court issued a ruling denying Vietor's motion to vacate and granting the claimants' petition to confirm the award. Vietor appeals.

## II.     Analysis

The parties agree that their FINRA arbitration proceeding is governed by the FAA.  *See, e.g.*, *Ploetz for Laudine L. Ploetz, 1985 Tr. v. Morgan Stanley Smith Barney, LLC*, 894 F.3d 894, 898 (8th Cir. 2018) (applying the FAA in an appeal of a district court's denial of a motion to vacate a FINRA arbitration award).  When reviewing a district court's order confirming an arbitration award under the FAA, "we review de novo questions of law, but we accept the district court's factual findings unless clearly erroneous."  *Med. Shoppe Int'l, Inc.*, 614 F.3d at 488 (citation omitted).  "Although we review de novo the district court's legal conclusions, we provide 'an extraordinary level of deference' to the underlying arbitration award."  *Id.* (citation omitted).

Within this "tightly circumscribed" review, *Axia Netmedia Corp. v. Mass. Tech. Park Corp.*, 973 F.3d 133, 140 (1st Cir. 2020), "[c]ourts have no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors or on a misinterpretation of the underlying contract," *Med. Shoppe Int'l*, 614 F.3d at 488.  Yet "arbitration awards are not invincible." *Axia Netmedia Corp.*, 973 F.3d at 140 (citations omitted).  "Section 9 of the FAA provides that a reviewing court 'must' confirm an award unless it is 'vacated, modified, or corrected as prescribed in sections 10 and 11.'"[2]  *Brown v. Brown-*

---

[2] Section 11, which is not at issue here, sets out grounds for modifying the arbitrator's award.  9 U.S.C. § 11.

*Thill*, 762 F.3d 814, 818 (8th Cir. 2014). The FAA authorizes a district court to vacate an arbitration award under section 10 "in four limited circumstances." *Med. Shoppe Int'l*, 614 F.3d at 488. But "in the absence of one of these grounds, the award must be confirmed." *Id.*

The grounds at issue here are section 10(a)(2), "where there was evident partiality or corruption in the arbitrators, or either of them," and section 10(a)(3), "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown." 9 U.S.C. § 10(a)(2), (3). Vietor has also raised the judicially-created ground of "manifest disregard" for the law.

Before the Supreme Court's decision in *Hall Street Associations, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584–86 (2008), "a court could vacate arbitration awards on grounds other than those listed in the FAA." *Med. Shoppe Int'l*, 614 F.3d at 489. Those extra-statutory grounds included claims that an arbitration award "is completely irrational or evidences a manifest disregard for the law." *Hoffman v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001) (citation omitted). "In 2008, however, *Hall Street*, resolving a circuit split, held that 'the text [of the FAA] compels a reading of the §§ 10 and 11 categories as exclusive.'" *Med. Shoppe Int'l*, 614 F.3d at 489 (quoting *Hall Street*, 552 U.S. at 586). Since *Hall Street*, "the Eighth Circuit no longer recognizes the judicially created 'manifest disregard' basis for vacatur." *Paisley Park Enters., Inc. v. Boxill*, 371 F. Supp. 3d 578, 582 (D. Minn. 2019) (collecting cases).

Following the Eighth Circuit's lead, we conclude that the claims Vietor makes under the manifest disregard ground are not cognizable. *See Med. Shoppe, Int'l*, 614 F.3d at 489 ("Appellants' claims, including the claim that the

arbitrator disregarded the law, are not included among those specifically enumerated in § 10 and are therefore not cognizable."). Those claims include Vietor's challenge to the attorney fee award, his liability for breach of contract, and the arbitration eligibility of several claims under FINRA rule 12206. Because Vietor has not asserted any grounds under section 10 to vacate the panel's decision on those issues, we decline to review their merits. *See id.* This leaves Vietor with his claims that the award should be vacated under section 10(a)(3) because the arbitration panel refused to postpone the final hearing and under section 10(a)(2) because one of the arbitrators failed to disclose a conflict of interest.

### A. Postponement of Hearing

Vietor first claims that the arbitration panel's decision should be vacated under section 10(a)(3) because the panel refused to "meaningfully postpone" the final hearing after his lead counsel abandoned his case at the eleventh hour, thereby depriving him of his right to select counsel of his choice. We disagree.

Section 10(a)(3) of the FAA provides that a court may vacate an arbitration award when "the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown." 9 U.S.C. § 10(a)(3). Arbitration panels are given "wide discretion" to grant or deny a postponement request. *Card v. Stratton Oakmont, Inc.*, 933 F. Supp. 806, 811 (D. Minn. 1996). "Courts will not intervene in an arbitrator's decision not to postpone a hearing if any reasonable basis for it exists." *El Dorado Sch. Dist. No. 15 v. Cont'l Cas. Co.*, 247 F.3d 843, 848 (8th Cir. 2001). To constitute misconduct requiring vacation of an award on this ground, the arbitrator's decision must be shown to have so affected the rights of the party that it may be said the party was deprived of a fair hearing. *Id.*; *see also*

*Brown*, 762 F.3d at 820 ("A party seeking to vacate an award for misconduct under § 10(a)(3) must show that he was 'deprived of a fair hearing.'" (citation omitted)). Vietor did not meet that burden for three reasons.

First, as the claimants point out, the hearing *was* postponed. While the delay was not as long as Vietor hoped—"several weeks, if not months"—he was given extra time to prepare for the hearing after his lead counsel's departure. *See Sheet Metal Workers Int'l Ass'n, Loc. No. 162 v. Jason Mfg., Inc.*, 900 F.2d 1392, 1398 (9th Cir. 1990) (noting a party to an arbitration proceeding "is not entitled to a postponement merely by requesting one" (citation omitted)).

Second, Vietor was not left without an attorney. He still had Shedlock who, according to a declaration attached to the postponement motion, had "collaborated on strategy, filings, pleadings, and responses of all aspects of this case" and was an experienced litigator with "qualified experience in FINRA arbitrations in securities matters." *Cf. Efron v. UBS Fin. Servs. Inc. of P.R.*, 300 So. 3d 733, 737 (Fla. Dist. Ct. App. 2020) (vacating arbitration award where a party was left without counsel "at the eleventh hour before a scheduled arbitration"). Although Vietor contends that he was "denied the right to select his counsel of choice," he does not provide us with any authority applying that right in the arbitration context. *See Martik Bros., Inc. v. Kiebler Slippery Rock, LLC*, No. 8cv1756, 2009 WL 1065893, at *3 (W.D. Pa. Apr. 20, 2009) (finding no abuse of discretion where arbitration panel denied a requested continuance based on counsel's withdrawal the day before the hearing); *see also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 57–58 (1974) (noting "rights and procedures common to civil trials, such as discovery,

compulsory process, cross-examination, and testimony under oath, are often severely limited or unavailable" in arbitration).

Third, even though the claimants had requested an expedited hearing because of their ages and health concerns, the proceedings had been pending for more than one year. *See El Dorado Sch. Dist. No. 15*, 247 F.3d at 848 (finding a reasonable basis for the decision to not postpone where the "arbitrator may have determined that postponement was inappropriate because the parties had expended considerable time, effort and money based on the hearing dates"); *see also Schmidt v. Finberg*, 942 F.3d 1571, 1574 (11th Cir. 1991) (denying vacatur under section 10(a)(3) where the "panel may have decided that the proceeding had already been protracted so long as to violate the policy of expeditious handling of such disputes"). "In applying the statutory grounds for the granting of a motion to vacate an award, we must always bear in mind that the basic policy of conducting arbitration proceedings is to offer a means of deciding disputes expeditiously and with lower costs than in ordinary litigation." *Schmidt*, 942 F.2d at 1573.

Any of the above reasons would provide a reasonable basis for the panel's decision to deny Vietor's open-ended request to delay the hearing for "several weeks, if not months." *See El Dorado Sch. Dist. No. 15*, 247 F.3d at 848 (stating an arbitrator "is not required to elaborate on the reasoning supporting his decision"). Under these circumstances—where Vietor was granted a short continuance and fully participated in the hearing while being represented by an experienced attorney who had been involved in the case from the beginning—we cannot say Vietor was deprived of a fair hearing.

Still, Vietor argues the district court erred by not considering "evidence that Vietor presented to the panel in support of vacating the award." In support of this argument, Vietor points to the court's statement that "[t]here is no record evidence that [Vietor] objected to proceeding at hearing without Chris Parrington as part of his legal team. Nor is there record evidence that counsel argued that it had inadequate time to prepare for hearing." Vietor contends that is "provably false" because he provided the postponement motion and supporting brief from the arbitration proceedings to the district court, which we have considered in our review. But, as the claimants pointed out to the court and on appeal, there was no evidence that Vietor renewed his postponement request at the final hearing or after in his oral and written closing arguments. *See, e.g., Storey v. Searle Blatt Ltd.*, 685 F. Supp. 80, 83 (S.D.N.Y. 1988) (finding a party who "fully participated at the hearing after the arbitrators determined to proceed" and did not "seek judicial relief until after it had received an adverse decision" did not preserve its objections to an adjournment denial). We find that silence further supports the conclusion that Vietor was afforded a fair hearing.

For these reasons, we affirm the district court's denial of Vietor's motion to vacate the award under section 10(a)(3).

## B.    Conflict of Interest

Vietor next claims the arbitration award should be vacated under section 10(a)(2) because Hildreth, the third arbitrator appointed by the case administrator, did not disclose "that he was permitted to resign and retire from his position as New Hampshire Banking Commissioner over allegations that he and his office failed to detect a Ponzi scheme by an entity that defrauded individuals

who lent the company a total of at least $20 million." Because the claimants "were essentially arguing that Vietor engaged in a Ponzi scheme," Vietor contends that he was prejudiced by Hildreth's failure to disclose this information.

Section 10(a)(2) allows vacatur "where there was evident partiality" in the arbitrators. 9 U.S.C. § 10(a)(2). Evident partiality may exist "wherever an undisclosed relationship 'creates an impression of possible bias,'" "casts significant doubt on the arbitrator's impartiality," or objectively demonstrates "such a degree of partiality that a reasonable person could assume that the arbitrator had improper motives." *Ploetz*, 894 F.3d at 898 (citations omitted) (noting the "absence of a consensus on the meaning of 'evident partiality' amongst federal courts" (citation omitted)). This is a heavy burden for a party to meet. *Choice Hotels Int'l v. SM Prop. Mgmt., LLC*, 519 F.3d 200, 207 (4th Cir. 2008). And it has not been met here.

We first observe that Vietor "makes no showing that he raised this contention to the arbitrator, meaning it was waived." *Brown*, 762 F.3d at 819–20; *accord Técnicas Reunidas de Talara S.A.C. v. SSK Ingeniería y Construcción S.A.C.*, 40 F.4th 1339, 1345 (11th Cir. 2022) (noting party with knowledge of possible bias of an arbitrator cannot remain silent on the issue and later object to the award on this ground); *AAOT Foreign Econ. Ass'n (VO) Technostroyexport v. Int'l Dev. and Trade Servs., Inc.*, 139 F.3d 980, 982 (2nd Cir. 1998) ("The settled law of this circuit precludes attacks on the qualifications of arbitrators on grounds previously known but not raised until after an award has been rendered."). Hildreth disclosed his position as the banking commissioner for New Hampshire and the date of his retirement in his disclosure report. Vietor does not explain when he

learned about the circumstances of Hildreth's departure that, according to the exhibits filed by Vietor, was publicly available information. While Vietor argues that he "was not afforded sufficient time to submit a motion to strike" Hildreth for cause, the evidentiary portion of the hearing concluded on October 7, 2022, with a closing argument hearing on October 26, and written closing briefs the beginning of November.

Beyond waiver concerns, we fail to see how Hildreth's nondisclosure of the removal proceeding over a decade ago "creates even an impression of possible bias." *Ploetz*, 894 F.3d at 899 ("We see nothing in [an arbitrator's] undisclosed mediation of a years-old, unrelated case that could create an appearance of bias"). The investigation into Hildreth while he was serving as banking commissioner had nothing to do with the parties to this dispute. Vietor does not cite any FINRA rule that would require disclosure of this investigation, nor are we aware of any.[3] And he offers nothing more than conclusory statements and speculation about how Hildreth's nondisclosure created "evident partiality." *See Peoples Sec. Life Ins.*

---

[3] FINRA rule 12405 does require arbitrators to disclose "any circumstances which might preclude the arbitrator from rendering an objective and impartial determination in the proceeding." But the circumstances listed in the rule are not present here. Those are:

(1) Any direct or indirect financial or personal interest in the outcome of the arbitration;

(2) Any existing or past financial, business, professional, family, social, or other relationships or circumstances with any party, any party's representative, or anyone who the arbitrator is told may be a witness in the proceeding, that are likely to affect impartiality or might reasonably cause an appearance of partiality or bias;

(3) Any such relationship or circumstances involving members of the arbitrator's family or the arbitrator's current employers, partners, or business associates; and

(4) Any existing or past service as a mediator for any of the parties in the case for which the arbitrator has been selected.

*Co. v. Monumental Life Ins. Co.*, 991 F.2d 141, 146 (4th Cir. 1993) (noting that the alleged partiality must be direct, definite, and capable of demonstration, rather than remote, uncertain, or speculative). Because that is not enough to meet Vietor's heavy burden, we affirm the district court's rejection of this ground for vacating the arbitration award. *See Williams v. NFL*, 582 F.3d 863, 885 (8th Cir. 2009) (stating the burden is not met by even "the mere appearance of bias" (citation omitted)).

### C.    Appellate Attorney Fees

The claimants request an award of appellate attorney fees as a sanction against Vietor under Iowa Rule of Civil Procedure 1.413(1). But they failed to cite any authority in support of that request. And this court has previously held that appellate attorney fees are not available as a sanction under rule 1.413(1). *See In re Marriage of Whiteside*, No. 07-0739, 2007 WL 3376902, at *3 (Iowa Ct. App. Nov. 15, 2007) (reasoning that rule 1.413 "does not expressly apply to appellate proceedings" and our rules of appellate procedure "do not refer to or incorporate by reference rule 1.413"). We accordingly deny the claimants' request.

### III.    Conclusion

The district court's ruling denying Vietor's motion to vacate the arbitration award, confirming the award, and entering judgment against him is affirmed. The claimants' request for appellate attorney fees under Iowa Rule of Civil Procedure 1.413(1) is denied.

**AFFIRMED.**