# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1142

_____

City Wide Construction Products Company

*Plaintiff - Appellant*

v.

Teamsters Local Union No. 245

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: November 20, 2025
Filed: February 18, 2026

_____

Before BENTON, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

City Wide Construction Products Company appeals the district court's[1] order affirming an arbitrator's award that favored Teamsters Local Union No. 245 (Union). City Wide asks us to vacate the award, arguing the arbitrator failed to

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

derive the award from the essence of the parties' collective bargaining agreement. We affirm.

## I. Background

City Wide is a ready-mix concrete supplier that employs truck drivers to deliver its product to its customers. The Union has been the long-time exclusive bargaining representative for City Wide's truck drivers. Because the parties' previous agreement was set to expire, the Union and City Wide entered into a new collective bargaining agreement (CBA). Article V, Section 11 of the CBA requires that "[a]ll drivers will be called in according to seniority and will be laid off and recalled according to seniority."

Two days after executing the CBA, the Union sent a grievance letter to City Wide, stating the company had violated Section 11 of the CBA when it "began releasing drivers from duty for the day out of seniority order" and requested that City Wide cease this practice and compensate the affected drivers for the time they would have worked had they been released in seniority order. The parties were unable to resolve their dispute through the CBA's preliminary grievance procedure. Accordingly, the Union advanced the grievance to arbitration as required by the CBA's dispute resolution process. An arbitration hearing was held, and the arbitrator subsequently issued a written decision and award that favored the Union.

The CBA gives the arbitrator "the right to construe the [CBA], but not to change" it. The arbitrator's award and decision stated that based on the CBA's "clear and basic" language, "Article V, Section [11] of the contract clearly and undisputedly provides that all drivers ' . . . will be . . . called (into work) according to seniority,' as well as laid off and recalled by seniority." The arbitrator concluded this language "clearly and undisputedly" meant City Wide was required to call in drivers and dismiss them at the end of each work day according to seniority. The arbitrator then determined City Wide's actions were "therefore clearly violative of the express terms of Article V, Section [11] of the parties' contract," and ordered

City Wide to "cease and desist in its improper actions in this area" and "pay impacted employees back pay and lost benefits that they would have received but for [City Wide]'s improper action here."

Disagreeing with the arbitrator's award, City Wide filed suit in federal district court to vacate the award. In response, the Union filed a counterclaim to enforce the award. After both parties filed motions for summary judgment, the district court granted the Union's motion for summary judgment, affirmed the arbitration award, and denied City Wide's cross-motion. The district court determined the arbitrator "dr[e]w from the essence of the CBA and . . . [i]t is clear from the [a]rbitrator's opinion that he based his conclusion off the plain meaning of Article V, Section 11." The district court entered judgment to enforce the award. City Wide appeals.

## II. Analysis

Jurisdiction over City Wide's action to vacate the arbitration award arises under Section 301 of the Labor Management Relations Act. *See* 29 U.S.C. § 185. We review the district court's findings of fact supporting its confirmation of an arbitration award for clear error and its legal conclusions de novo. *Excel Corp. v. United Food & Com. Workers Int'l Union, Loc. 431*, 102 F.3d 1464, 1467 (8th Cir. 1996).

Our review of an arbitrator's award is limited. We may only "review an arbitrator's award to determine whether: (1) the parties agreed to arbitrate; and (2) the arbitrator had the power to make the award." *Id.*

At issue here is whether the arbitrator exceeded his authority to enter the award. We "accord 'an extraordinary level of deference' to the underlying award itself." *Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers (PACE), Loc. 7–0159*, 309 F.3d 1075, 1080 (8th Cir. 2002) (quoting *Keebler Co. v. Milk Drivers & Dairy Emps. Union, Loc. No. 471*, 80 F.3d 284, 287 (8th Cir. 1996)). We uphold an arbitration award "so long as it draws its essence from the collective

bargaining agreement." *United Steelworkers v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). Such an award draws its essence from the parties' agreement if "it is derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention," *Boise Cascade Corp.*, 309 F.3d at 1080 (quoting *Johnson Controls, Inc., Sys. & Servs. Div. v. United Ass'n of Journeymen*, 39 F.3d 821, 825 (7th Cir. 1994)), and does "not ignore the plain language of the contract," *PSC Custom, LP v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Intern. Union, Loc. No. 11–770*, 763 F.3d 1005, 1009 (8th Cir. 2014) (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "[S]o long as the arbitrator was arguably construing or applying the contract," we "cannot overturn an arbitrator's award," even if we are "convinced the arbitrator committed serious error." *Excel Corp.*, 102 F.3d at 1467.

Here, the arbitrator arguably construed and applied the CBA. The arbitrator construed Section 11 to include the daily calling in and relieving of drivers, not solely long-term or permanent layoffs of drivers. The arbitrator explained his construction stemmed from the CBA's "clear[] and undisputed[]" language, or in other words, its plain meaning. Because the arbitrator's award has "'an interpretive route' from the contract to the arbitrator's conclusion," we conclude the arbitrator did not exceed his authority to construe the CBA. *See Indus. Steel Constr., Inc. v. Lunda Constr. Co.*, 33 F.4th 1038, 1042 (8th Cir. 2022) (quoting *CenterPoint Energy Res. Corp. v. Gas Workers Union*, 920 F.3d 1163, 1168 (8th Cir. 2019)).

City Wide disagrees, arguing the arbitrator ignored the CBA's plain meaning. It asserts the plain meaning of Section 11 can only refer to long-term or permanent layoffs. City Wide points us to Article V, Section 12 of the CBA, which states that employees who are working at a different plant than their home plant "shall be the first employees relieved from duty for the day." They argue that because Section 12 expressly discusses relieving employees "from duty for the day," they intended for "laid off" in Section 11 to mean something else. "[B]ut whether the arbitrator's interpretation is correct is not a question before this court." *Lunda Constr. Co.*, 33 F.4th at 1042. So even if City Wide's reading of Section 11 is more plausible, that

is not enough to convince us that the arbitrator ignored the plain language of the CBA or failed to "derive its award from the essence of the agreement." *See Excel Corp.*, 102 F.3d at 1467 (quoting *Keebler*, 80 F.3d at 287); *Lunda Constr. Co.*, 33 F.4th at 1042.

Finally, City Wide points to extrinsic negotiations between the parties to support its argument that the arbitrator ignored the mutual intent of the parties. City Wide points to rejected draft provisions that were proposed in the process of negotiating the CBA that more clearly describe how the drivers would be called-in and relieved from work, compared to the CBA's final language. This argument requires us to speculate about how the arbitrator viewed the mutual intent of the parties and extrinsic evidence, which we cannot do. *See Lincoln Nat'l Life Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir. 2004) (noting the court does not substitute its own judgment where the arbitrator chooses not to explain aspects of its award). Here, the arbitrator stated his interpretation of Section 11 was based on the "clear[] and undisputed[]" language of the CBA, and nothing in the record indicates the arbitrator disregarded the parties' mutual intent when construing Section 11, so we will not speculate that the arbitrator's reasoning was improper. *Cf. Keebler*, 80 F.3d at 289 (vacating an arbitration award where the arbitrator determined the agreement's language was unambiguous yet subsequently relied on extrinsic evidence to impose a new obligation on one of the parties that contradicted the agreement).

In sum, the arbitrator construed the CBA's plain language to determine that "laid off" applies to the daily relieving of drivers from their duties. Because the award "arguably constru[es and] appl[ies] the contract," we "cannot overturn [the] arbitrator's award." *See Excel Corp.*, 102 F.3d at 1467.

### III. Conclusion

For these reasons, we affirm.

_____